said he did not agree with the interpretation, given by the plaintiff's counsel, of the second proviso. A case of this kind is not excepted from the operation of the act by it. If this were correct all actions of debt would be equally excepted, which would erase the enacting clause from its very base. Actions of debt were particularly designed to be covered by the enacting clause. No person ever doubted of that, because the sum being certain, parties could at all times tell whether the demand was within the jurisdiction of the Court or not. The *Page 59 
exception in this case designed to embrace actions on the penalty of bonds, amounting to $250 or upwards, where the sum really due should be less than that sum.
NOTE. — The plea in this case was to the jurisdiction, on account of the amount of the demand, and concluded to the Court. It was held bad, because the Court could not look outside of the record, and, therefore could not notice the credits on the bond, which were not made part of the plea by oyer. And, they add, if oyer had been craved, the plea should have concluded to the country; for it involved facts proper for the determination of a jury, and the finding would be final. There can be no respondeat ouster after a trial of an issue on such a plea by jury, and a writ of inquiry would be unnecessary. How far the ruling in this particular case may justify the general principle of the third head-note, and the application of it to all eases of pleas in abatement submitted to a jury, as implied by the decision in 5 Cold., may admit of doubt. — ED.